Dana KUSJANOVIC, Plaintiff,

v.

State of OREGON, acting by and through PORTLAND STATE UNIVERSITY, and Thomas Burman and Anne McCoy, acting in their official and individual capacities, Defendants.

No. CV 02–472–BR.

United States District Court,
D. Oregon.

July 23, 2002.

Judy Danelle Snyder, Dana L. Sullivan, Hoevet, Snyder & Boise, P.C., Portland, OR, for Plaintiff.

Hardy Myers, Attorney General, Patricia Bridge Urquhart, Assistant Attorney General, Oregon Department of Justice, Salem, OR, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss (# 7) on sovereign immunity and Eleventh Amendment immunity grounds Plaintiff's claim against Defendant State of Oregon for alleged violations of the Equal Pay Act, 29 U.S.C. § 206(d)(1). Defendants argue Congress enacted the Equal Pay Act pursuant to its powers under the Interstate Commerce Clause, Article I, Section 8, Clause 3 of the United States Constitution, and, therefore, did not abrogate the States' sovereign immunity to suit. For the reasons that follow, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Equal Pay Act claim against Defendant State of Oregon.

### DISCUSSION

The Supreme Court repeatedly has held Congress may not base its abrogation of the States' sovereign immunity on its Article I powers. *See, e.g., Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 72, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Defendants argue Plaintiff's Equal Pay Act claim against the State fails because Congress enacted the Equal Pay Act pursuant to its Article I powers. Defendants also argue the Equal Pay Act does not exhibit the necessary " 'congruence and proportionality' " between the unconstitutional gender discrimination the statute was intended to prevent and the statutory means adopted to prevent that conduct. *See*

*Board of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 365, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (quoting *City of Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997)).

Although the Ninth Circuit has not addressed the validity of Congress's extension of the Equal Pay Act to claims against the States, Defendants acknowledge every circuit that has addressed the issue has held Congress properly abrogated the States' sovereign immunity pursuant to Congress's powers under Section 5 of the Fourteenth Amendment. *See, e.g., Cherry v. Univ. of Wis. Sys. Bd. of Regents,* 265 F.3d 541 (7th Cir.2001); *Siler–Khodr v. Univ. of Tex. Health Science Ctr. San Antonio,* 261 F.3d 542 (5th Cir.2001); *Kovacevich v. Kent State Univ.,* 224 F.3d 806 (6th Cir.2000); *Hundertmark v. State of Fla. Dep't of Transp.,* 205 F.3d 1272 (11th Cir.2000); *O'Sullivan v. State of Minn.,* 191 F.3d 965 (8th Cir.1999); *Anderson v. State Univ. of New York,* 169 F.3d 117 (2d Cir.1999), *vacated and remanded,* 528 U.S. 1111, 120 S.Ct. 929, 145 L.Ed.2d 807, *holding aff'd on remand,* 107 F.Supp.2d 158 (N.D.N.Y.2000). The Court finds the reasoning of these circuits persuasive, particularly the analysis of the Seventh Circuit in *Cherry* and the majority opinion of the Fifth Circuit in *Siler–Khodr.* Those courts applied the recent sovereign immunity jurisprudence of the Supreme Court as set out in *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (the Age Discrimination in Employment Act (ADEA)) and *Garrett,* 531 U.S. 356, 121 S.Ct. 955 (the Americans with Disabilities Act (ADA)) to the Equal Pay Act and determined Congress properly abrogated the States' sovereign immunity even though Congress did not explicitly state it was acting pursuant to its powers under Section 5 of the Fourteenth Amendment and did not include in the legislative record specific findings that the States had been engaging in a pattern of unconstitutional conduct that the Equal Pay Act was intended to prevent.

Nonetheless, Defendants argue the Court should adopt the reasoning of the dissenting opinion in *Siler–Khodr.* In his dissent, the Honorable Harold R. DeMoss, Jr., concluded Congress acted pursuant to the Interstate Commerce Clause only when it enacted the 1974 amendments to the Equal Pay Act that extended the statute to claims against the States, and, therefore, improperly attempted to abrogate the States' sovereign immunity pursuant to its Article I powers. This Court respectfully finds that analysis unpersuasive in light of Supreme Court precedent.

As part of the 1974 amendments to the Fair Labor Standards Act (FLSA), Congress amended both the ADEA and the Equal Pay Act to extend to claims against public as well as private entities. In *Equal Employment Opportunity Commission (EEOC) v. Wyoming,* a case decided before the landmark sovereign immunity decision of *Seminole Tribe,* the Court held the extension of the ADEA to cover state governments was a valid exercise of Congress's powers under the Interstate Commerce Clause. 460 U.S. 226, 243, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983). Although the Court did not reach the question whether that extension also could be upheld under Section 5 of the Fourteenth Amendment, the Court specifically rejected the argument that Congress must articulate explicitly in the statute at issue or its legislative history that it is acting pursuant to Section 5 of the Fourteenth Amendment in order to properly exercise its powers under that provision. *Id.* at 243 n. 18, 103 S.Ct. 1054.

As noted, *Seminole Tribe* overruled *EEOC v. Wyoming* to the extent the Court held Congress could abrogate the States' sovereign immunity pursuant to its Article I powers. *See Kimel,* 528 U.S. at 78, 120 S.Ct. 631. In *Kimel,* the Supreme Court

reached the question it left open in *EEOC* and analyzed whether the extension of the ADEA to claims against the States was a proper exercise of Congress's powers pursuant to Section 5 of the Fourteenth Amendment even though Congress did not state explicitly that it was acting pursuant to that provision when it enacted the 1974 amendments to the FLSA. In fact, the original ADEA and the legislative history of the 1974 FLSA amendments contained language that indicated Congress enacted the statutes pursuant to the Interstate Commerce Clause. Despite these factors, the Court addressed whether the Fourteenth Amendment provided a separate and independent basis for Congress's extension of the ADEA to claims against the States.[1]

Accordingly, this Court concludes the fact that Congress did not expressly state it was acting pursuant to Section 5 of the Fourteenth Amendment when it enacted the 1974 amendments to the FLSA, including the Equal Pay Act amendments, does not mean Congress enacted those amendments pursuant to the Interstate Commerce Clause such that its attempted abrogation of the States' sovereign immunity would have been invalid. In addition, this Court specifically adopts the analysis of the Second, Fifth, Sixth, Seventh, Eighth, and Eleventh Circuits with respect to the congruence and proportionality test. The Court, therefore, concludes Congress validly exercised its authority under Section 5 of the Fourteenth Amendment when it extended the Equal Pay Act to claims against the States.

### CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion to Dismiss (# 7)

---

1. Applying the congruence and proportionality test, the Court determined Congress exceeded its powers under the Fourteenth Amendment when it enacted the amendments

Plaintiff's Equal Pay Act claim against Defendant State of Oregon.

IT IS SO ORDERED.

to the ADEA. *Id.* at 82–91, 120 S.Ct. 631. Congress's purported abrogation of the States' sovereign immunity, therefore, was invalid. *Id.*